IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

CHELSEA KAY WARD,

     Petitioner,

v.

UNITED STATES OF AMERICA,

     Respondent.

Civil Case 2:23-CV-183-Z
(Criminal Case 2:22-CR-50-Z-BR-(1))

## MEMORANDUM OPINION AND ORDER DENYING
## MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

Petitioner Chelsea Kay Ward filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. Section 2255 by a person in federal custody. Having considered the motion, the response, the record, and applicable authorities, the Court hereby **DENIES** the motion for the reasons stated below.

### BACKGROUND

The record in Ward's underlying criminal case, No. 2:22-cr-00050-Z-BR (the "CR"), reflects the following:

On April 26, 2022, Ward was named in a one-count criminal complaint charging her with possession with intent to distribute methamphetamine, in violation of 21 U.S.C. Sections 841(a)(1) and 841(b)(1)(A)(viii). *See* CR ECF No. 1. On May 11, 2022, Ward was named in a two-count indictment charging her in Count One with possession with intent to distribute 500 grams and more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. Sections 841(a)(1) and 841(b)(1)(A)(viii), and in Count Two with possession with intent to distribute 40 grams and more, but less than 400 grams, of a mixture and substance containing a

detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide (fentanyl) in violation of 21 U.S.C. Sections 841(a)(1) and 841(b)(1)(B)(vi). CR ECF No. 16. Ward entered a plea of not guilty on May 17, 2022. CR ECF No. 21.

On August 29, 2022, a Superseding Information was filed, charging Ward with one count of Possession With Intent to Distribute Methamphetamine and Aiding and Abetting in violation of 21 U.S.C. Sections 841(a)(1) and 841(b)(1)(C). CR ECF No. 31. Ward pled guilty to the Superseding Information pursuant to a written plea agreement. CR ECF No. 26. In the agreement, the government agreed to not bring additional charges related to the underlying conduct and to dismiss all other charges. *Id*. at 5. The plea agreement, signed by Ward, acknowledged that the sentence would be solely in the discretion of the Court. *Id.* at 3. The agreement further acknowledged that no guarantees or promises had been made to her as to what the sentence ultimately would be. *Id*. Ward and her counsel also signed a factual resume setting forth the elements of the Superseding Information and the stipulated facts establishing that Ward had committed the offense. CR ECF No. 27.

On August 29, 2022, Ward appeared for rearraignment. CR ECF No. 34. She testified under oath at the hearing that: she had read, understood, and discussed with her attorney the Superseding Information; she had read, understood, discussed with her attorney, and signed the plea agreement and factual resume; there were no other promises or agreements that had not been included in the plea agreement; she understood that the maximum period of imprisonment under the agreement was twenty years; she understood that the district judge would decide her sentence; she understood that her attorney could give an opinion but could not promise what her sentence would be; she understood that she was waiving her right to appeal except in limited circumstances; she was guilty of the offense charged, and everything in the factual resume was true and correct. CR ECF No. 54.

2

She further testified that she was fully satisfied with her attorney and the representation and advice that had been given to her in the case. *Id.* at 9.

The probation officer then prepared a presentence report ("PSR"), which reflected that Ward's base offense level was 38. CR ECF No. 39-1 ¶ 27. She received a two-level and a one-level reduction for acceptance of responsibility. *Id.* ¶¶ 34, 35. The statutorily authorized maximum sentence of 20 years was less than the maximum of the guideline range; therefore, the guideline range based upon her plea was 210 to 240 months. *Id.* ¶ 83.

Although the First Step Act of 2018 ("First Step Act") had not yet been implemented, the Court at sentencing granted Ward's motion for downward variance, to give effect to the safety valve for which Ward would have been eligible had the First Step Act been implemented at that time. CR ECF No. 55 at 5. Due to the downward variance, her sentencing range became 168 to 210 months. *Id.* at 12. The Court sentenced Ward to a term of imprisonment of 180 months, followed by three years of supervised release. CR ECF No. 49.

The Court further noted on the record at sentencing the considerable impact of the plea agreement, without which Ward would have faced a possible maximum sentence of life imprisonment on Count One of the indictment, plus a maximum possible fine of $10 million. In addition, she would have faced a maximum of 40 years of imprisonment on Count Two of the indictment, plus a maximum possible fine of $5 million. CR ECF No. 55 at 10. The Court explained the reasons for the sentence, noting that, even had the guideline range not been correctly calculated, the same sentence would have been imposed. *Id.* at 21. Consistent with her plea agreement, Ward did not file a direct appeal.

**GROUNDS FOR THE MOTION**

Ward asserts the following grounds in support of her motion, all based on alleged ineffective assistance of counsel. She says that her counsel failed to:

(1) adequately inform her of the consequences of her guilty plea;

(2) file any substantive pretrial motions;

(3) conduct a thorough pretrial investigation;

(4) make reasonable attempts to negotiate a plea agreement;

(5) adequately discuss or explain the PSR to her;

(6) file substantive objections to the PSR; and

(7) advocate for mitigating her punishment or challenge the substantive reasonableness of her sentence.

**STANDARD OF REVIEW**

**A.  Section 2255**

After conviction and exhaustion or waiver of a defendant's right to appeal, courts are entitled to presume that the defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164–65 (1982); *United States v. Shaid*, 937 F.2d 228, 231–32 (5th Cir. 1991) (same). A defendant can challenge his or her conviction or sentence after it is presumed final only on issues of constitutional or jurisdictional magnitude and may not raise an issue for the first time on collateral review without showing both cause for his or her procedural default and actual prejudice resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. "[A]n error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment." *United States v. Addonizio*, 442 U.S. 178, 184 (1979). Section 2255 is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal

4

and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack. *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

Section 2255 motions do not automatically require a hearing. *United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. 1981); *see also* Rule 8 of the Rules Governing Section 2255 Proceedings. "When the files and records of a case make manifest the lack of merit of a Section 2255 claim, the trial court is not required to hold an evidentiary hearing." *Hughes*, 635 F.2d at 451. A prisoner is not entitled to an evidentiary hearing unless he or she "presents 'independent indicia of the likely merit of [her] allegations.'" *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013) (internal citations omitted). The Court has reviewed the record and concluded that an evidentiary hearing is not necessary because the record categorically refutes Ward's claims, as set forth below.

### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, the movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Id.*; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000) ("Failure to meet either the deficient performance prong

5

or the prejudice prong will defeat a claim for ineffective assistance of counsel.").

Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000). "Surmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010). The likelihood of a different result "must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689.

### ANALYSIS

Ward waived her pre-plea ineffective assistance of counsel claims by pleading guilty. "'[O]nce a guilty plea has been entered, all nonjurisdictional defects in the proceedings against a defendant are waived,' and the waiver 'includes all claims of ineffective assistance of counsel, except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea.'" *United States v. Cavitt*, 550 F.3d 430, 441 (5th Cir. 2008) (quoting *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983)). A guilty plea waives a claim of pre-plea ineffective assistance unless the defendant can show that she would have pleaded not guilty but for counsel's deficient performance. *Id.*; *United States v. Palacios*, 928 F.3d 450, 456 (5th Cir. 2019); *see also United States v. Spear*, No. 18-60530, 2022 WL 1565350 (5th Cir. May 18, 2022) (defendant "waives any challenge to nonjurisdictional defects in the pre-plea proceedings by entering a valid guilty plea, including ineffective assistance claims other than those related to the validity of the plea").

Ward does not allege that she would have pleaded not guilty but for her counsel's allegedly deficient performance as set forth below. Therefore, her nonjurisdictional ineffective assistance of counsel claims are waived.

## I.   Counsel's Performance Was Not Deficient.

### A.   Failure to inform Ward of the consequences of her guilty plea and to communicate with her.

Ward first alleges that her trial counsel was ineffective because he did not communicate regarding the "relevant circumstances and likely consequences of pleading guilty as opposed to proceeding to trial." ECF No. 1 at 4 (internal capitalization omitted). She states that trial counsel "neglected to explore alternative legal strategies, specifically omitting any mention of pursuing a trial" and that counsel "inexplicably encouraged Ward to cooperate with the prosecution, emphasizing the potential benefits of USSC § 5K1.1" ECF No. 1-1 at 14.

Conversely, Ward's plea agreement represented that her guilty plea was "freely and voluntarily made," and she swore under oath that her plea was voluntary. *See* CR ECF Nos. 26 at 6, 54 at 13. Ward's solemn declarations in open court are entitled to a presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Likewise, her plea agreement and factual resume are entitled to the same presumption. *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985); *see also United States v. Lincks*, 82 F.4th 325 (5th Cir. 2023) (even if counsel gave mistaken sentencing information to movant, movant was not entitled to relief because admitted in his plea agreement he disclaimed reliance on counsel's statements).

Even assuming that Ward's guilty plea did not waive this argument, Ward provides nothing more than a contradiction of her sworn testimony. "When a defendant's [Section 2255] allegations contradict his sworn testimony given at a plea hearing, we have required more than 'mere contradiction of his statements.'" *Reed*, 719 F.3d at 373 (quoting *United States v. Raetzsch*, 781

F.2d 1149, 1151 (5th Cir. 1985)). Ward's allegations, unsupported by evidence, are insufficient to overcome her sworn statements in open court to show that her counsel failed to adequately explain the consequences of her guilty plea.

Ward also alleges that her counsel did not spend sufficient time visiting with her about her case. ECF No. 1-1 at 13–14. The law is clear that the "brevity of consultation time between a defendant and his counsel, alone, cannot support a claim of ineffective assistance of counsel." *Schwander v. Blackburn*, 750 F.2d 494, 499–500 (5th Cir. 1985) (quoting *Murray v. Maggio*, 736 F.2d 279, 282 (5th Cir. 1984)). In *Murray*, the Fifth Circuit determined that a twenty-minute consultation before trial was not ineffective. 736 F.2d at 282. Here, Ward did not explain how more time with her attorney would have changed her decision to plead guilty. Reasonably effective assistance may be provided even if counsel spends only a short time with his or her client. *Jones v. Wainwright*, 604 F.2d 414, 416 (5th Cir. 1979). Thus so here, where the Court determined that Ward understood the proceedings and was competent to enter her guilty plea. CR ECF No. 54 at 22. Ward failed to show that her counsel was deficient in connection with her guilty plea.

**B.    Failure to file any substantive pretrial motions.**

Ward next alleges that her pretrial counsel was ineffective because he failed to file any "substantive" pretrial motions. ECF No. 1 at 4. Specifically, she claims that her attorney should have filed a (1) Motion for Discovery; (2) a Request for Rule 404(b) Material; and (3) a Motion for *Brady/Giglio* Material. ECF No. 1-1 at 15. She alleges that the failure to file such motions is a "missed opportunity for critical insight" that "squandered a golden opportunity to assess the government's case thoroughly." *Id.* She further alleges that she was unable to make a "fully informed decision" about whether to stand trial or plead guilty because she did not have the information that would have been obtained by filing these motions. *Id.* at 16. As noted above,

8

however, she represented to the Court that she understood the nature of the offense to which she pleaded guilty, she understood the terms of her plea agreement, and that that her decision to plead guilty was voluntarily and of her own free will because she was guilty. CR ECF No. 54 at 11–13.

On habeas review, federal courts do not second-guess an attorney's decisions through the "distorting effects of hindsight," but rather, courts must "indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 690. A movant cannot succeed in an ineffective assistance of counsel claim by making conclusory allegations that counsel failed to file motions, make objections, or to follow instructions. *See United States v. Demik*, 489 F.3d 644, 647 (5th Cir. 2007). "The filing of pretrial motions falls squarely within the ambit of trial strategy." *Murray*, 736 F.2d at 283. Further, "[c]ounsel is not required to engage in the filing of futile motions. *Id.* Ward has provided no evidence that counsel's decision to not file these motions was anything other than trial strategy.

In short, "[a] conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997). Ward's allegations do not indicate the existence of "obvious unfairness." She fails to allege what evidence, if any, she would have obtained in response to the motions that would have affected her decision to plead guilty. She also fails to show that the government did not comply with its discovery obligations irrespective of a formal motion. *See Medrano v. United States*, No. 3:08-CV02250-N, 2009 WL 1181070 at *2 (N.D. Tex. May 1, 2009) (denying motion where movant "lists numerous types of pre-trial motions that trial counsel could have filed, [but] fails to provide

any details whatsoever as to the applicability of any of the mentioned motions"). Indeed, this Court's Scheduling Order required the government to provide *Brady* and *Giglio* disclosures by June 6, 2022. CR ECF No. 23 at 1–2. Ward, in short, has not shown that her counsel was ineffective by simply not filing the pretrial motions that Ward now claims were necessary.

### C.     Failure to conduct a thorough pretrial investigation.

Ward next alleges that her trial counsel was ineffective because he failed to conduct a thorough pretrial investigation. Defense counsel must engage in a reasonable amount of pretrial investigation and "at a minimum . . . make an independent investigation of the facts and circumstances of the case." *Nealy v. Cabana*, 764 F.2d 1173, 1177 (5th Cir. 1985). There are no strict rules for counsel's conduct, however, beyond the general requirement of reasonableness. *See Trottie v. Stephens*, 420 F.3d 231, 242 (5th Cir. 2013).

Ward complains that her counsel failed to ask the Court to approve funds for a private investigator "to independently scrutinize the details of Ward's case." ECF No. 1-1 at 17. "A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome." *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989); *see also United States v. Talamini*, No. 4:13-CV-012-A, 2013 WL 1197926 at *3 (N.D. Tex. 2013) (unpublished) ("Movant does not identify any further information that counsel could have uncovered that would have favorably changed the outcome of his case."). Ward does not allege what, if anything, the investigator would have discovered that would have changed the outcome of her case.

Ward also alleges that her attorney failed to "advocate effectively" for her because she never had the opportunity to see a box of fentanyl and heroin that had been mailed to her that was referenced in the PSR. ECF No. 1-1 at 17–18. However, she fails to show how her inability to

view the box equates to ineffective assistance of counsel, or how such failure affected her decision to plead guilty. Further, there is no indication in the PSR that the drugs contained in the box affected Ward's sentence in any way. *See* CR ECF No. 39-1 ¶¶ 19, 20, 27. Even assuming this argument had not been waived by Ward's guilty plea, these conclusory allegations do not establish ineffective assistance by her counsel. "[C]onclusory allegations of ineffective assistance of counsel do not raise a constitutional issue." *Miller*, 200 F.3d at 282.

### D.      Failure to make reasonable attempts to negotiate a plea agreement.

Ward next alleges that her counsel was ineffective by failing to make reasonable attempts to negotiate a plea agreement. Ward initially was indicted on two drug-possession charges, one with a statutory sentencing range of 10 years to life, and one with a statutory sentencing range of five to 40 years. CR ECF No. 16. The plea agreement negotiated by her counsel had her plead guilty to one count with a statutory maximum punishment of 20 years, and she ultimately received a sentence of 15 years. CR ECF No. 49. As the Court noted at sentencing, this plea agreement would not have occurred but for her counsel's capable and effective negotiations. CR ECF Nos. 26, 31, 55 at 10.[1]

A defendant has no constitutional right to a plea bargain. *United States v. Lopez*, 979 F.2d 1024, 1036 (5th Cir. 1992). Ward does not show that the government was prepared to offer a more favorable agreement than the one she received. *See United States v. Riascos*, No. C-04-653, 2005 WL 1515447 at *4 (S.D. Tex. June 22, 2005) (movant did not "allege, nor [did] he offer any evidence to show that a 'better' plea agreement was ever offered or available to him").

---

[1] *See* CR ECF No. 55 at 21 ("Having considered the permissible factors set forth at 18 U.S.C. Section 3553(a), the advisory sentencing guidelines, the conduct admitted in the factual resume, the capable and effective assistance of defense counsel which significantly reduced Defendant's overall sentencing exposure, and all mitigating and aggravating factors, it is the judgment of the Court . . . .").

Ward additionally does not specify what attempts her counsel should have made but did not. This allegation is entirely conclusory, as well as contrary to the record, and is without merit.

### E.    Failure to adequately discuss or explain the PSR.

Ward claims her counsel was ineffective because he failed to adequately discuss or explain the PSR prior to her sentencing hearing. ECF No. 1 at 5. However, the record shows that Ward was given "a full and complete opportunity to review" the sentencing document, and her counsel represented to the Court that he was confident she understood the PSR. CR ECF No. 55 at 7–8. She claims in her Motion to have been confused about the inclusion of misdemeanor charges in her criminal history, and that counsel did not "consider[] [her] perspective or examine the specifics of those prior charges." ECF No. 1-1 at 23. However, she fails to explain (1) how her criminal history calculation was incorrect; (2) how such confusion affected her guilty plea; or (3) that she would have gone to trial absent such confusion. This argument is without merit.

### F.    Failure to file substantive objections to the PSR.

Ward next alleges that her counsel was ineffective because he failed to file "substantive" objections to the PSR. At the outset, the Court notes that Ward's attorney did, in fact, file an objection to the PSR. *See* CR ECF No. 41. Attorneys are not required to file meritless motions. *United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995); *see also United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999) ("An attorney's failure to raise a meritless argument . . . cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue."). Ward lists four objections that she contends her attorney should have made, all of which are meritless, as set forth below.

Ward first alleges that her attorney should have filed objections challenging the PSR's drug-quantity calculation; specifically, that he should have objected that there was no evidence

that Ward possessed "a mixture and substance containing a detectible amount of methamphetamine, as referenced in the PSR." ECF No. 1-1 at 25. However, such objection would have been meritless. Ward was found accountable in the PSR for a net weight of 4,912 grams of methamphetamine with a purity of 99 percent. CR ECF 27 ¶¶ 19, 20, 27. She admitted in the factual resume to possessing 4,912 grams of methamphetamine with a purity of 99 percent. CR ECF 27 at 2–3. She does not allege that the amounts she admitted to possessing were incorrect, nor does she show that objecting to the drug quantity that she admitted to possessing would have been meritorious. This objection, had the attorney made it, would have been frivolous.

Ward next claims that her attorney should have objected to the Sentencing Guidelines' use of drug purity in assessing culpability. ECF No. 1-1 at 25. She does not object to the purity level of the methamphetamine attributed to her; instead, she objects solely to the Sentencing Guidelines' policy of using drug purity as a factor in determining the length of a prison sentence pursuant to the Guidelines. She provides no binding precedent showing that her guideline range was incorrectly calculated, and the Court declines at this time to follow the non-binding Ward cites.

Ward also claims that her attorney should have objected to the inclusion of misdemeanor charges in her criminal history calculation because they allegedly were incorrectly treated as felonies in the calculation. ECF No. 1-1 at 29. However, "[s]entences for misdemeanor and petty offenses are counted" in criminal history calculations, with certain exceptions inapplicable here. USSG Section 4A1.2(c). Ward's criminal history was calculated correctly. She received one point each for her three prior state offenses, plus two additional points for committing the instant offense while on probation. CR ECF No. 39-1 ¶¶ 41-43, 45. In total, she had five criminal history points, which put her in Category III. *Id.* ¶ 46. Ward's counsel was not ineffective for failing to object to a correct criminal history calculation.

13

Lastly, Ward alleges that her counsel should have advocated for a downward departure under USSC Section 5K1.1 due to her allegedly substantial assistance to the government. ECF No. 1-1 at 29. Had counsel done so, she alleges, she would have received a lower sentence. *Id.* However, Section 5K1.1 motions for downward departure based on substantial assistance are made "upon motion of the government," so any motion made by Ward's counsel pursuant to Section 5K1.1 would have been meritless.[2]

### G.     Failure to advocate for mitigating Ward's punishment or challenge the substantive reasonableness of her sentence.

Ward alleges that her counsel (1) failed to present any compelling evidence to mitigate her sentence and (2) failed to object to the sentencing decision being substantively unreasonable. ECF No. 1-1 at 30. However, the record reflects that Ward's attorney did effectively mitigate her sentence. Her counsel argued at sentencing that Ward should receive a safety-valve reduction based on the First Step Act of 2018, at that the correct guideline range should be 168-210 months of imprisonment. CR ECF No. 42-1. At sentencing, the Court agreed and granted a downward variance based on the First Step Act, although the First Step Act was not yet in effect. CR ECF No. 55 at 5. Further, Ward's attorney presented a character statement on Ward's behalf and advocated for a sentence at the bottom of the guideline ranged based on the Section 3553(a) factors. *Id.* at 19-21. Ward's counsel capably — and effectively — argued to mitigate her sentence. *See United States v. Garcia-Hernandez*, 2016 WL 5871372 at *3 (S.D. Tex. 2016)

---

[2]Further, the Court notes that Ward's counsel argued at sentencing that she "cooperated in detail" and the Court should consider that fact at sentencing. CR ECF No. 55 at 20. The government acknowledged at sentencing that Ward did debrief with the government, but that her information "was not of a quality that would warrant a downward departure motion." *Id.* at 16. At sentencing, the Court stated that it "did give weight to the argument of the AUSA in this case *and the argument of defense counsel* that Defendant made multiple attempts to cooperate with law enforcement." *Id.* at 26 (emphasis added).

(defense counsel made the arguments petitioner claims he should have made). Further, objecting to the substantive reasonableness of a sentence within the range that he had just asked the Court to utilize would have been futile. A failure to object cannot constitute ineffective assistance of counsel when the objection would have been meritless. *Gibson*, 55 F.3d at 179.

## II.     **Ward Was Not Prejudiced By Counsel's Performance.**

Ward also fails to show prejudice under *Strickland*. To prevail on a Section 2255 motion after a guilty plea, the movant "must show that there is a reasonable probability that, but for counsel's errors, [she] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Ward fails to even allege that she would not have pleaded guilty but for her counsel's purported errors. There is simply no reason to believe that she would have insisted on going to trial but for counsel's allegedly deficient performance as outlined in her motion. *Hill*, 474 U.S. at 56. The Court "should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies.

Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Lee v. United States*, 582 U.S. 357, 369 (2017). Ward has not cited to any contemporaneous evidence to show that she would have insisted on going to trial absent counsel's performance. The record shows that she never attempted to withdraw her guilty plea. As stated above, Ward's solemn declarations in open court establish her mindset at the time of the plea. *United States v. Valdez*, 973 F.3d 396, 405–406 (5th Cir. 2020).

The record, in summary, shows that Ward's guilty plea was knowing and voluntary, and was made with sufficient awareness of the relevant circumstances and likely consequences.

15

*Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005). She has failed to show that she was prejudiced by her counsel's performance as set forth in the Motion.

CONCLUSION

For the reasons stated above, Petitioner's Motion to vacate is **DENIED**.

**SO ORDERED**.

June **13**, 2024

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

16